The People of Puerto Rico, Plaintiff and Appellee, *v.* Manuel Villarrubia Santiago, Defendant and Appellant.

No. 7276. Argued February 14, 1939.—Decided February 21, 1939.

*Eugenio Sánchez Ruiz,* for appellant. *R. A. Gómez, Prosecuting Attorney,* and *Luis Janer, Assistant Prosecuting Attorney,* for the People, appellee.

Mr. Justice Travieso delivered the opinion of the Court.

The defendant appellant was convicted and sentenced to six months in jail for a violation of Section 7 of Act No. 14 of July, 8 1936 (Laws of 1936 (2) page 128), consisting in having in his possession a revolver without giving notice of it in writing to the Chief of Police of Aguadilla. In support of his appeal the appellant assigns three errors as committed by the lower court, which we will discuss in the same order in which they have seen set forth.

The first assignment alleges that the lower court erred in dismissing a motion challenging the constitutionality of the Act providing for the registration of firearms. The alleged unconstitutionality consists in that the act contains

more than one matter, in violation of Article 34 of the Organic Act. The lower court correctly dismissed the motion. The "Act to regulate the sale of firearms in Puerto Rico; to order their declaration, however they may be possessed; to prohibit the delivery thereof to certain persons; to impose penalties, and for other purposes", does not in any manner violate the said provision of the Organic Act. The subjects in the act are germane, in reality only one, since the fundamental purpose of the Act is to regulate the sale, delivery and possession of firearms, imposing a punishment to those who violate its provisions.

■ The second assignment alleges that the lower court erred in having dismissed the motion of the defense made after The People had presented its evidence, so that "in view of the state of unconsciousness of the accused, we request that the court order him placed under observation, because apparently his mental state is not such as to allow him to be exposed to a criminal action." We find nothing from the record of the case to justify an opinion different from that of the lower court. The court had an opportunity, which we do not have, of seeing the accused, of observing his conduct during the trial and of hearing him testify in his own defense. The testimony of the accused, which appears in the transcript of the evidence, reveals that the witness was in that moment in the full use of his mental faculties. The alleged error was not committed.

■ The third error refers to the weighing of the evidence, which the appellant considers insuficient to uphold the complaint.

From the evidence it appears that the revolver was found in possession of the accused in his house on October 5, 1937, when said accused shot himself with the intention of committing suicide and being drunk at the time. The weapon was not recorded as the act requires. The accused admitted that he was the owner of the weapon with which he tried to commit sucide; and to defend himself of the violation with

which he was charged, he alleged that on June 24, 1936, before the Act providing for the registration of fireams went into effect, the accused had a party in his house and that while he was there drunk and with a revolver in his hands, his brother Moisés Villarrubia took the revolver away from him and hid it in a hole in the roof of the kitchen, without telling him where he had hidden it; that he did not record the revolver because he thought it had been lost; and that on October 5, 1937, on the day on which he thought of committing sucide, the revolver fell from the place where his brother had hidden it and then he took it and two hours later shot himself. The trial judge refused to give credit to this defense, believing that it was contrary to the truth interested and self serving. We have studied the transcript of the evidence and we do not find any reason to differ from the opinion of the court below.

The judgment appealed from should be affirmed.